1  JOHN S. ADLER, Bar No. 060398
   LITTLER MENDELSON
2  A Professional Corporation
   501 W. Broadway, Suite 900
3  San Diego, CA 92101.3577
   Telephone:   619.232.0441
4  Facsimile:   619.232.4302
   E-mail:      jadler@littler.com
5
   Attorneys for Defendant
6  MAXIM HEALTHCARE SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10 ASHLEA PARKER,                          Case No. '08 CV 0432 JLS JMA

11          Plaintiff,                      NOTICE OF REMOVAL OF
                                            CIVIL ACTION ON THE BASIS OF
12     v.                                   DIVERSITY JURISDICTION PURSUANT
                                            TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446
13 MAXIM HEALTHCARE SERVICES,
   INC., a Maryland corporation; and DOES  **ACTION FILED:**      **February 1, 2008**
14 1-50, inclusive,
                                            **ACTION SERVED:**   **February 8, 2008**
15          Defendants.

16

17        TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18        PLEASE TAKE NOTICE that Defendant MAXIM HEALTHCARE SERVICES,

19 INC. (hereafter "Defendant" or "Maxim") hereby removes to this Court the state court action

20 described herein. Defendant removes the above-entitled action from the Superior Court of the State

21 of California for the County of San Diego. Removal jurisdiction is proper in this Court pursuant to

22 28 U.S.C. §§1332(a), 1441(b) and 1446 due to diversity of citizenship between the parties.

23        In support of its Notice of Removal of Civil Action, Defendant states:

24                    **PROCEDURAL HISTORY**

25        1.        On February 1, 2008, Plaintiff Ashlea Parker ("Plaintiff") filed this action

26 against Maxim Healthcare Services, Inc., in the Superior Court of the State of California for the

27 County of San Diego, entitled *Ashlea Parker v. Maxim Healthcare Services, Inc., a Maryland*

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:84413993.1 045468.1017

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

FILED

08 MAR -7 PM 1: 36

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CAP
                    DEPUTY

ORIGINAL

1  *corporation; and Does 1 through 50, inclusive*, Case No. 37-2008-00077150-CU-WT-CTL.  The

2  complaint alleges one cause of action against Defendant, for wrongful termination in violation of

3  public policy.  A true and correct copy of the Complaint is attached as **Exhibit 1**.

4        2.  On February 8, 2008, Maxim Healthcare Services, Inc. ("Maxim") was served

5  a copy of the Complaint through service on Corporation Service Company (CSC), as an out-of-state

6  corporation located in Columbia, Maryland.  At the time of service, Maxim also received the

7  Summons, Notice of Case Assignment, and Alternative Dispute Resolution documents.  True and

8  correct copies of these documents, including the Notice of Service of Process, are attached as

9  **Exhibit 2**.  The Complaint, Summons, Notice of Case Assignment and Alternative Dispute

10  Resolution documents attached hereto are the only pleadings, documents, or orders served on or by

11  any party in the state action.  Moreover, no further proceedings have been conducted in this case in

12  the Superior Court of the County of San Diego.  Accordingly, the requirements of 28 U.S.C.

13  §1446(a) have been satisfied.

14             **REMOVAL BASED ON DIVERSITY JURISDICTION**

15        3.  28 U.S.C. 1332(a) provides in relevant part as follows:

16      The district court shall have original jurisdiction of all civil actions
    where the matter in controversy exceeds the sum or value of $75,000,

17      exclusive of interest and costs, and is between

18      —

19      (1) citizens of different States[.]

20        4.  This action is a civil action over which this Court has original jurisdiction

21  under 28 U.S. C. §1332(a), and is one that may be removed to this Court by Defendant pursuant to

22  the provisions of 28 U.S.C. §1441(b).  Specifically, this is a civil action between citizens of different

23  states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs,

24  because Plaintiff is claiming that she "suffered severe psychological and emotional injury," and

25  other damages, and seeks punitive damages, as a result of Defendant's alleged conduct.

26        5.  Based on the allegations of Plaintiff's Complaint, Plaintiff was at all relevant

27  times, an individual residing in the County of San Diego, State of California. (Complaint, **Exhibit 1**,

28  ¶3).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:84413993.1 045468.1017

2.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

1       6.     Defendant was at the time of the filing of this action, and still is, a corporation

2 incorporated under the laws of the State of Maryland, with its principal place of business in

3 Maryland.  (See Complaint, caption, **Exhibit 1** hereto; see Complaint at para. 8, "Maxim provides

4 medical staffing, home health and wellness services, and its operations comprise 12 divisions and

5 over 300 branch offices throughout the United States."   See Declaration of David Franchak in

6 Support of Notice of Removal of Civil Action on the basis of Diversity Jurisdiction ¶2, attached a

7 **Exhibit 3** hereto).  Accordingly, Plaintiff and Defendant are citizens of different states.

8       7.     The defendants designated as DOES 1 through 50 are fictitious defendants are

9 not parties to this action.  Unnamed defendants sued as Does are not required to join in a removal

10 petition, and their citizenship is disregarded for purposes of removal.  28 U.S.C. §1441(a); *Fristos v.*

11 *Reynolds Metal Company,* 615 F.2d 1209, 1213 (9th Cir. 1980).

12       **<u>AMOUNT IN CONTROVERSY</u>**

13       8.     Removal jurisdiction exists only where original jurisdiction would also have

14 existed, and the removing defendants bear the burden of establishing jurisdiction.  28 U.S.C. §

15 1441(a); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  If a complaint on its face alleges the

16 amount in controversy exceeds the minimum required to invoke diversity jurisdiction ($75,000), and

17 all of the other requirements for diversity jurisdiction are met, the complaint is removable.   28

18 U.S.C. § 1332.  If the allegations of a complaint do not conclusively demonstrate that the amount in

19 controversy exceeds the jurisdictional minimum, the removing party need only demonstrate by a

20 preponderance of the evidence that the jurisdictional minimum is in controversy.  *See Sanchez v.*

21 *Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm Mutual Auto. Ins.*

22 *Co.,* 116 F.3d 373, 376 (9th Cir. 1997).  As stated in *Singer, supra* at 377, "The district court may

23 consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in

24 controversy."

25       9.     Plaintiff filed this case in state court as an unlimited jurisdiction matter (e.g.,

26 Plaintiff alleges that the amount in controversy exceeds $25,000.  (*See* Complaint, attached hereto

27 as **Exhibit 1**.)

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:84413993.1 045468.1017

3.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE
BASIS OF DIVERSITY JURISDICTION PURSUANT
TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

10.     Although the Complaint does not state a specific dollar amount of damages Plaintiff seeks, Plaintiff alleges a cause of action against Defendant for wrongful termination. (Complaint, **Exhibit 1**.)  Plaintiff claims that as a proximate result of Defendant's conduct, Plaintiff has suffered damages including, but not limited to, "severe psychological and emotional injury, mental distress and shock, humiliation, chagrin, worry, and oppression of a lasting nature." (Complaint, **Exhibit 1**, ¶¶ 21).  Plaintiff alleges that she is entitled to an award of punitive damages. (Complaint, **Exhibit 1**, ¶¶ 23).   In Plaintiff's Prayer for Relief, Plaintiff seeks special damages, general damages, and punitive damages.  (*See* Complaint, **Exhibit 1**, Prayer for Relief).

11.     Compensatory (actual) damages, special damages and potential punitive damages may be considered when determining the amount in controversy.  *Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 241 (1943); *Bassett v. Toyota Motor Credit Corp.*, 818 F. Supp. 1462, 1464-65 (S.D. Ala. 1993); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action" (*citing Gison v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

12.     Based on the foregoing, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00.

13.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 (a), in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different states.

14.     A true and correct copy of the Notice to State Court and All Adverse Parties of Removal of Civil Action, without its accompanying exhibits is attached hereto as **Exhibit 4**.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:84413993.1 045468.1017

4.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

**TIMELINESS OF REMOVAL**

15.     This Notice of Removal is timely as it is being filed with this Court and served within thirty (30) days of Maxim's first receipt of the Summons and Complaint and is less than one (1) year after commencement of this action as required under 28 U.S.C. § 1446(b).  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (timeliness of removal determined based on date service perfected under state law, not date defendant first learns of complaint).

**JURISDICTION**

16.     This District Court has jurisdiction over all the parties, and its territorial jurisdiction embraces the place where the Superior Court action is pending.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

WHEREFORE, Defendant now prays that the above action now pending against Defendant in the Superior Court for the State of California, County of San Diego, 37-2007-00073409-CU-WT-CTL, be removed therefrom to this Court.

Dated: March 7, 2008

JOHN S. ADLER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MAXIM HEALTHCARE SERVICES, INC.

LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

FIRMWIDE:84413993.1 045468.1017

5.

NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

**EXHIBIT 1**

1 | **THE LAW OFFICE OF DAVID P. STRAUSS**
**DAVID P. STRAUSS**

2 | State Bar Number 96874
1111 Sixth Avenue, Suite 404

3 | San Diego, CA 92101
619-237-5300 (Telephone)

4 | 619-237-5311 (Facsimile)

5 | Attorneys for Plaintiff
ASHLEA PARKER

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 FEB -1 P 3: 27

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

6

7

8 | SUPERIOR COURT OF CALIFORNIA

9 | SAN DIEGO COUNTY

10 | ASHLEA PARKER,

11 | Plaintiff,

12 | v.

13 | MAXIM HEALTHCARE SERVICES,
INC., a Maryland corporation; and

14 | DOES 1- 50, inclusive.

15 | Defendants.

16

CASE NO.    37-2008-00077150-CU-WT-CTL

CASE DESIGNATION: GENERAL CIVIL

COMPLAINT FOR DAMAGES

1.   Wrongful Termination in Violation of
Public Policy [*Tameny* Claim].

17 | Plaintiff alleges:

18 | **ALLEGATIONS REGARDING JURISDICTION AND VENUE**

19 | 1.    The San Diego County Superior Court has jurisdiction in this matter due to

20 | the alleged violations of the California Government Code and because the wrongful

21 | acts alleged against defendants occurred in the state of California.

22 | 2.    Venue as to each defendant is proper in this judicial district, pursuant to

23 | California Code of Civil Procedure sections 395(a) and 395.5, and Business &

24 | Professions Code section 17203.  Each defendant either maintains an office, transacts

25 | business, has an agent, or is found in the County of San Diego, and each defendant is

26 | within the jurisdiction of this Court for the purposes of service of process.

27 | **PARTIES**

28 | 3.    At all relevant times mentioned herein, plaintiff ASHLEA PARKER

---

COMPLAINT FOR DAMAGES

1  (hereinafter "Parker" or "Plaintiff") was an individual residing in San Diego County in the

2  State of California.

3          4.      At all relevant times mentioned herein, Defendant MAXIM HEALTHCARE

4  SERVICES, INC., ("Maxim") was a corporation doing business in the state of California,

5  with an office in San Diego County located at 5383 Edison Place, Suite 120 in

6  Carlsbad, California.

7          5.      The true names and capacities of DOES 1 through 50 are unknown to

8  Plaintiff. Plaintiff will seek leave to amend this complaint to insert their true names and

9  capacities when the same have been ascertained. Plaintiff is informed and believes

10 and thereon alleges that each such fictitiously named defendant is liable to plaintiff for

11 the acts, events, and occurrences alleged herein as a result of said defendant's

12 relationship to the remaining defendants, or by participation in said acts, events, and

13 occurrences.

14         6.      Plaintiff is informed and believes and thereon alleges that except when

15 otherwise alleged, each of the Defendants named herein was the agent, employee, or

16 representative of the remaining defendants and was acting within the course, scope,

17 and authority of said relationship.

18         7.      The wrongful acts and omissions alleged to have occurred herein were

19 performed by managing agents, servants, and employees of Defendants, or were

20 ratified by their managing agents, servants, and employees.

21         **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22         8.      Maxim provides medical staffing, home health and wellness services, and

23 its operations comprise 12 divisions and over 300 branch offices throughout the United

24 States.

25         9.      Parker was hired by Maxim in October 2002 as a temporary administrative

26 assistant. However, in November 2002 Parker was hired as a full-time employee in the

27 Carlsbad office. The office at which Parker was employed was responsible for

28 providing out-patient, in-home nursing services for Maxim clients.

1    10.    "Home Health Agency" is defined in 22 California Code of Regulations

2  section 74800(a) as a "private . . . organization, including, but not limited to, any . . .

3  corporation . . . which provides, or arranges for the provision of, skilled nursing services,

4  to persons in their temporary or permanent place of residence."

5    11.    22 Code of Regulations section 74707(c) and (d) states that registered

6  nurses and licensed vocational nurses employed with a Home Health Agency shall

7  perform duties "consistent with" the Nursing Practice Act ("NPA"), Business and

8  Professions Code section 2725, et seq.), and the Vocational Nursing Practices Act

9  ("VNPA"), Business and Professions Code section 2840, et seq.  Section 74707(c) and

10  (d) also state that registered nurses and licensed vocational nurses employed with a

11  Home Health Agency must "have one year of prior professional nursing experience."

12    12.    The NPA and the VNPA require that RNs and LVNs providing services

13  within the state of California maintain current licenses issued by the respective

14  administrative boards created by the statutes.

15    13.    Parker's position was in the Human Resources Department, where she

16  was charged with auditing and maintaining personnel files on all active and applicant

17  nurses to ensure that the nurses were properly licensed and that Maxim was in

18  compliance with California law regarding the staffing of Home Health Agencies with

19  qualified nursing personnel.

20    14.    Throughout her employment with Maxim, Parker complained of numerous

21  instances in which Maxim was not in compliance with California law with respect to its

22  nursing staff.  Specifically, Maxim routinely employed and assigned nurses who did not

23  have the requisite prior professional experience, or who did not have current California

24  RN or LVN licenses.  However, despite Parker's complaints, Maxim continued to

25  employ and assign nurses who were not in compliance with California law.

26    15.    On October 17 and 18, 2007, Parker attended a District meeting in Palm

27  Desert at which she informed members of Maxim's upper management of the chronic

28  compliance issues in the Carlsbad office.  When Parker returned to work on October

1  19, 2007 her manager, Brian Twigger, asked her if she was "playing office politics"
2  while at the district meeting.

3      16.    Parker was on assignment at another Maxim office auditing files from
4  October 23 to November 2, and returned to work the following Monday, November 5,
5  2007. On that date Parker was working in her office when Twigger entered and told her
6  he needed to speak with her in his office. Parker followed Twigger into his office he told
7  her that he needed to collect her keys because she was fired. When Parker asked for
8  a reason for her dismissal, Twigger merely stated that "things" had been reported.
9  Parker turned over her keys to Twigger, returned to her office, collected her personal
10 belongings, and left the building.

11                        **FIRST CAUSE OF ACTION**
12      **Wrongful Termination in Violation of Public Policy (*Tameny* Claim)**
13                        **As to All Defendants**

14      17.    Parker realleges and incorporates herein by reference all preceding
15 paragraphs.

16      18.    Throughout her employment with Maxim, Parker complained to various
17 members of management about what she reasonably believed to be unlawful conduct
18 in the workplace. These complaints include, but are not limited to, complaints that
19 Maxim was not in compliance with the requirements of 22 Code of Regulations
20 74707(c) and (d), Business and Professions Code section 2725, et seq., and Business
21 and Professions Code section 2840, et seq. Further, Maxim's non-compliance with
22 these statutes and regulations amounted to unfair business practices prohibited by
23 Business and Professions Code section 17200, et seq.

24      19.    These statutes and regulations were substantial, fundamental, and well-
25 established at the time of Parker's termination, they inured to the benefit of the public,
26 and did not serve the individual or proprietary interests of Parker.

27      20.    Maxim violated the substantial, fundamental, and well-established public
28 policies embodied in these statutes and regulations by dismissing Parker for complaints

1  of what she reasonably believed to be violations of these statutes.

2      21.    As the direct and proximate result of the Defendants' violation of these

3  public policies, Parker has suffered damages in an amount to be proven at trial. The

4  exact amount of Parker's damages is unknown at this time, but is within the jurisdiction

5  of this Superior Court.

6      22.    As a further direct and proximate result of Defendants' conduct, Parker

7  has suffered severe psychological and emotional injury, mental distress and shock,

8  humiliation, chagrin, worry, and oppression of a lasting nature.

9      23.    Defendants' conduct as described above was made with the intent to

10  injure Parker or in conscious disregard for Parker's rights, and with the intent to vex,

11  harass, and annoy her. To the extent this conduct was made by Defendants' non-

12  managing agents, Defendants ratified and adopted this conduct for their own with full

13  knowledge of the consequences of this ratification and adoption. Thus, Defendants'

14  conduct pleaded herein was done with fraud, malice, and oppression, such as to justify

15  an award of exemplary damages pursuant to section 3294 of the California Civil Code.

16      WHEREFORE, Plaintiff ASHLEA PARKER  prays for judgment against

17  Defendants, and each of them, as follows:

18      1.    For general damages according to proof;

19      2.    For special damages according to proof;

20      3.    For punitive damages pursuant to Civil Code §3294;

21      4.    For costs of suit herein incurred;

22      5.    For interest as permitted by law; and

23      6.    For such other and further relief as the Court deems just and proper.

24

25  Dated: February 1, 2008                LAW OFFICE OF DAVID P. STRAUSS

26

27                                         By: _David A._____

28                                         DAVID P. STRAUSS
                                           Attorneys for Plaintiff Ashlea Parker

COMPLAINT FOR DAMAGES



**CSC.**

CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**AP1 / ALL**
**Transmittal Number: 6589362**
**Date Processed: 02/08/2008**

| | |
|---|---|
| **Primary Contact:** | Daniel Roe<br>Maxim Healthcare Services, Inc.<br>7227 Lee DeForest Drive<br>Columbia, MD 21046 |
| **Copy of transmittal only provided to:** | Stuart Soberman Esq. |

| | |
|---|---|
| **Entity:** | Maxim Healthcare Services, Inc.<br>Entity ID Number 0400664 |
| **Entity Served:** | Maxim Healthcare Services, Inc. |
| **Title of Action:** | Ashlea Parker vs. Maxim Healthcare Services, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court:** | San Diego Superior Court, California |
| **Case Number:** | 37-2008-00077150-CU-WT-CTL |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/08/2008 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Plaintiff's Attorney:** | David P. Strauss<br>619-237-5300 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MAXIM HEALTHCARE SERVICES, INC., a Maryland
corporation; and DOES 1-50, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2008 FEB -1 P 3 26

CLER... ...RIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
ASHLEA PARKER

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
330 West Broadway

San Diego, CA 92101
Central

CASE NUMBER:
*(Número del Caso):* 37-2008-00077150-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DAVID P. STRAUSS, SBN 96874                         619-237-5300
THE LAW OFFICE OF DAVID P. STRAUSS
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

| DATE: FEB 0 1 2008 | Clerk, by A. RACELIS | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* MAXIM HEALTHCARE SERVICES, INC.,
       a Maryland corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6143 |

PLAINTIFF(S) / PETITIONER(S):    Ashlee Parker

DEFENDANT(S) / RESPONDENT(S): Maxim Healthcare Services Inc

PARKER VS. MAXIM HEALTHCARE SERVICES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: |
|---|---|
| | 37-2008-00077150-CU-WT-CTL |

Judge: Jay M. Bloom                                                  Department: C-70

COMPLAINT/PETITION FILED: 02/01/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                    **NOTICE OF CASE ASSIGNMENT**                    Page 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00077150-CU-WT-CTL        CASE TITLE: Parker vs. Maxim Healthcare Services Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME:      Central | |

| PLAINTIFF(S): Ashlee Parker |
|---|
| DEFENDANT(S): Maxim Healthcare Services Inc |
| SHORT TITLE:   PARKER VS. MAXIM HEALTHCARE SERVICES INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00077150-CU-WT-CTL |
|---|---|

Judge: Jay M. Bloom                                                    Department: C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program          ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation               ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                       ☐ Private Reference to General Referee

☐ Private Summary Jury Trial               ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name)

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff                       Name of Defendant

Signature                               Signature

Name of Plaintiff's Attorney            Name of Defendant's Attorney

Signature                               Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 02/01/2008

_____
JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

3

**EXHIBIT 3**

1   JOHN S. ADLER, Bar No. 060398
    LITTLER MENDELSON
2   A Professional Corporation
    501 W. Broadway
3   Suite 900
    San Diego, CA 92101.3577
4   Telephone:    619.232.0441

5   Attorneys for Defendant
    MAXIM HEALTHCARE SERVICES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  ASHLEA PARKER,                        Case No.

11            Plaintiff,

12        v.                              **DECLARATION OF DAVID C. FRANCHAK
                                          IN SUPPORT OF DEFENDANT'S
13  MAXIM HEALTHCARE SERVICES,            NOTICE OF REMOVAL**
    INC., a Maryland corporation; and DOES 1-
14  50, inclusive,

15            Defendants.

16

17               DECLARATION OF DAVID C. FRANCHAK

18        1.      I am employed by Maxim Healthcare Services, Inc. ("Maxim") in the position of

    Vice President of Finance at Maxim's corporate headquarters in Columbia, Maryland.

19
        2.      The facts contained in this declaration are true to the best of my knowledge and, if
20
    called as a witness, I could and would competently testify to them.
21
        3.      Maxim is incorporated under the laws of the State of Maryland, where it maintains its
22
    Company headquarters.  Maxim is a provider of home health care, medical staffing and wellness
23
    services that conducts business in all fifty (50) states and the District of Columbia.  Maxim's
24
    company headquarters is in Columbia, Maryland.  The Maryland headquarters is where Maxim's
25
    directors and stockholders meet.  It is also where Maxim's President and other executives have their
26
    offices.  Maxim's administrative functions (including payroll, accounting, purchasing, marketing,
27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:84469267.1 045468.1000                    DECLARATION OF DAVID C. FRANCHAK IN
                                                    SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

training, human resources and information systems) are located in Maryland, as well as its Legal Department. Maxim files its corporate income tax returns in Maryland.

4.     Maxim currently has twenty-seven individuals serving in Executive and Upper Management positions. Of those, twenty three (85%) reside and are located in and/or near the State of Maryland. One (4%) resides in California.

5.     As of the date of this Declaration, to the best of my knowledge and belief,

> (a)    Maxim's fixed assets were located in 44 states and the District of Columbia, with 6.21% located in California. Maxim has 62.65% of its fixed assets in Maryland.
>
> (b)    Maxim currently has 376 branch offices in 44 states and the District of Columbia. There are 59 offices (15.69%) located in California.
>
> (c)    Maxim has approximately 28,195 employees nationwide, located in 44 states and the District of Columbia. There are approximately 4,529 employees in California (16%).
>
> (d)    The approximate percentage of Maxim's California sales for the year 2007 was 17%.
>
> (e)    The approximate percentage of Maxim's total payroll for the year 2007, in California, was 16%.
>
> (f)    Maxim's presence in California at approximately 16% of business activity is consistent California's proportionate population (12%).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on March 5, 2008 at Columbia, Maryland.



DAVID C. FRANCHAK

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 930
San Diego, CA 92101.3577
619.232.0441

FIRMWIDE:84469267.1 045468.1000

2.     DECLARATION OF DAVID C. FRANCHAK IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

1   JOHN S. ADLER, Bar No. 060398
    LITTLER MENDELSON
2   A Professional Corporation
    501 W. Broadway
3   Suite 900
    San Diego, CA 92101.3577
4   Telephone:   619.232.0441

5   Attorneys for Defendant
    MAXIM HEALTHCARE SERVICES, INC.
6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SAN DIEGO

10  ASHLEA PARKER,                          Case No. 37-2008-00077150-CU-WT-CTL

11              Plaintiff,

12       v.                                 **NOTICE TO ADVERSE PARTY AND
                                            STATE COURT OF REMOVAL OF CIVIL
13  MAXIM HEALTHCARE SERVICES,              ACTION TO FEDERAL COURT**
    INC., a Maryland corporation; and DOES
14  1-50, inclusive,

15              Defendants.

16

17            TO PLAINTIFF ASHLEA PARKER AND HER ATTORNEY OF RECORD AND

18  THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE

19  COUNTY OF SAN DIEGO:

20            PLEASE TAKE NOTICE that Defendant MAXIM HEALTHCARE SERVICES,

21  INC. (hereinafter "Defendant") filed on March 7, 2008, a Notice of Removal of Civil Action Based

22  on Diversity Jurisdiction in the office of the Clerk of the United States District Court for the

23  Southern District of California, pursuant to 28 U.S.C. sections 1332(a), 1441(b) and 1446. A copy

24  of said Notice of Removal of Civil Action as well as reference to the entire state court record as its

25  accompanying exhibits is attached as **Exhibit A.**

26            PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. sections 1332(a),

27  1441(b) and 1446, the filing of said Notice of Removal of Action in federal court, together with the

28  filing of a copy of said Notice to Adverse Party and State Court of Removal of Civil Action to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:84414010.1 045468.1000

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   Federal Court with the Clerk of this state court, effects the removal of this action, and the state court

2   may therefore proceed no further unless and until the case is remanded.

3

4   Dated: March **7**, 2008

5

6

7   JOHN S. ADLER
    LITTLER MENDELSON
8   A Professional Corporation
    Attorneys for Defendant
9   MAXIM HEALTHCARE SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101-3577
619.232.0441

Firmwide:84414010.1 045468.1000                              2.

## PROOF OF SERVICE BY MAIL

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On March 7, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

NOTICE TO ADVERSE PARTY AND STATE COURT OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| David P. Strauss, Esq.<br>The Law Office of David P. Strauss<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101 | Attorneys for Plaintiff<br>ASHLEA PARKER<br><br>Phone: 619.237.5300<br>Fax:    619.237.5311 |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 7, 2008, at San Diego, California.



Cindy L. Lewis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:84521350.1 045468.1017

**PROOF OF SERVICE BY MAIL**

I am employed in San Diego County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On March 7, 2008, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

1. CIVIL COVER SHEET

2. NOTICE OF REMOVAL OF CIVIL ACTION ON THE BASIS OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a), 1441(b) AND 1446

3. DECLARATION OF DAVID C. FRANCHAK IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

4. DEFENDANT MAXIM HEALTHCARE SERVICES, INC.'S NOTICE OF PARTIES WITH FINANCIAL INTEREST

5. NOTICE OF RELATED CASES

in a sealed envelope, postage fully paid, addressed as follows:

| | |
|---|---|
| David P. Strauss, Esq.<br>The Law Office of David P. Strauss<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101 | Attorneys for Plaintiff<br>ASHLEA PARKER<br><br>Phone: 619.237.5300<br>Fax:    619.237.5311 |

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 7, 2008, at San Diego, California.

Cindy L. Lewis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Firmwide:84521229.1 045468.1017

PROOF OF SERVICE

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
ASHLEA PARKER

**DEFENDANTS**
MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and DOES 1-50, inclusive

FILED

**(b)** County of Residence of First Listed Plaintiff San Diego County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____ 08 MAR 7  PM 1: 41
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. Strauss, Esq.
The Law Office of David P. Strauss
1111 Sixth Avenue, Suite 404
San Diego, CA  92101
619.237.5300

Attorneys (If Known)
John S. Adler, Esq.
Littler Mendelson, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101
619.232.0441

'08 CV 0432 JLS JMA   CAP   DEPUTY

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) | |
| ☐ 2  U.S. Government Defendant | ☒ 4  Diversity (Indicate Citizenship of Parties in Item III) | |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. sections 1332(a), 1441(b) and 1446.
Brief description of cause:
Wrongful Discharge in Violation of Public Policy.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $ _____     CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____     DOCKET NUMBER _____

DATE
March 7, 2008

SIGNATURE OF ATTORNEY OF RECORD
John S. Adler

**FOR OFFICE USE ONLY**
RECEIPT # 148536    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

ORIGINAL    sa 3/7/08

American LegalNet, Inc.   www.USCourtForms.com

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148536    — SH**

**March 07. 2008
13:37:22**

**Civ Fil Non-Pris**
USAO #.: 08CV0432
Judge..: JANIS L. SAMMARTINO
Amount.:                    $350.00 CK
Check#.: BC11389

**Total—>   $350.00**

FROM: PARKER V. MAXIM HEALTHCARE