JOHN S. ADLER, Bar No. 060398
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone:    619.232.0441
Facsimile:    619.232.4302
E-mail:        jadler@littler.com

Attorneys for Defendant
MAXIM HEALTHCARE SERVICES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEA PARKER,<br><br>                    Plaintiff,<br><br>        v.<br><br>MAXIM HEALTHCARE SERVICES,<br>INC., a Maryland corporation; and DOES<br>1-50, inclusive,<br><br>                    Defendants. | Case No. 08-CV-0432-JLS-JMA<br><br>**MAXIM HEALTHCARE SERVICES, INC.'S<br>ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Maxim Healthcare Services, Inc., a Maryland corporation ("Maxim" or "Defendant" herein) answers Plaintiff Ashlea Parker's ("Plaintiff") Complaint as follows:

1.    Answering the allegations set forth in Paragraph 1 of the Complaint, Defendant denies each and every allegation, except Defendant admits Plaintiff has filed a lawsuit alleging one claim, which was originally filed in the San Diego Superior Court.

2.    Answering the allegations set forth in Paragraph 2 of the Complaint, Defendant denies said allegations, including because it is informed and believes that if said matter was in the San Diego Superior Court, the proper venue would be in North San Diego County, the location of Defendant, the work location of Plaintiff, and the area of residence of Plaintiff.

3.    Answering the allegations set forth in Paragraph 3 of the Complaint, Defendant admits on information and belief each and every allegation therein.

MAXIM HEALTHCARE SERVICES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT

4.     Answering the allegations set forth in Paragraph 4 of the Complaint, Defendant admits the allegations and further states that it is a Maryland corporation doing business in California.

5.     Answering the allegations set forth in Paragraph 5 of the Complaint, this paragraph alleges conduct against parties other than this Defendant and therefore no response is necessary. To the extent a response is required from this Defendant, Defendant has insufficient facts upon which to either admit or deny the allegations and thus denies said allegations on that basis.

6.     Answering the allegations set forth in Paragraph 6 of the Complaint, Defendant denies each and every allegation set forth therein.

7.     Answering the allegations set forth in Paragraph 7 of the Complaint, Defendant denies each and every allegation set forth therein.

8.     Answering the allegations set forth in Paragraph 8 of the Complaint, Defendant admits the allegations.

9.     Answering the allegations set forth in Paragraph 9 of the Complaint, Defendant admits the allegations except for the allegations concerning the scope of its services, which are denied because Defendant does not provide out-patient services.

10.     Answering the allegations set forth in Paragraph 10 of the Complaint, Defendant states the paragraph purports to set forth regulatory language only and thus no admission or denial is required. However, Defendant states that the statutory language quoted appears correct, but incomplete.

11.     Answering the allegations set forth in Paragraph 11 of the Complaint, Defendant states the paragraph purports to set forth statutory language only and thus no admission or denial is required. However, Defendant states that the language quoted appears correct, but incomplete.

12.     Answering the allegations set forth in Paragraph 12 of the Complaint, Defendant states the paragraph purports to state legal conclusions and thus no admission or denial is required. However, to the extent Defendant is required to more fully respond, the legal statement provided in said paragraph appears to be a correct, but incomplete statement.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

2.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

13.    Answering the allegations set forth in Paragraph 13 of the Complaint, Defendant denies each and every allegation set forth therein, except Defendant admits Plaintiff was a human resources person in a branch office responsible for auditing and maintaining personnel files.

14.    Answering the allegations set forth in Paragraph 14 of the Complaint, Defendant denies each and every allegation set forth therein.

15.    Answering the allegations set forth in Paragraph 15 of the Complaint, Defendant denies each and every allegation set forth therein.

16.    Answering the allegations set forth in Paragraph 16 of the Complaint, Defendant denies each and every allegation set forth therein.

17.    Answering the allegations set forth in Paragraph 17 of the Complaint, Defendant incorporates by reference herein its answer to Paragraphs 1-16, inclusive, set forth above, thus fully responding to Plaintiff's incorporation by reference of these paragraphs and their allegation.

18.    Answering the allegations set forth in Paragraph 18 of the Complaint, Defendant denies each and every allegation set forth therein.

19.    Answering the allegations set forth in Paragraph 19 of the Complaint, Defendant denies each and every allegation set forth therein.

20.    Answering the allegations set forth in Paragraph 20 of the Complaint, Defendant denies each and every allegation.

21.    Answering the allegations set forth in Paragraph 21 of the Complaint, Defendant denies each and every allegation set forth therein.

22.    Answering the allegations set forth in Paragraph 22 of the Complaint, Defendant denies each and every allegation set forth therein.

23.    Answering the allegations set forth in Paragraph 23 of the Complaint, Defendant denies each and every allegation set forth therein.

24.    As to the Complaint, Defendant sets forth as its affirmative defenses the following:

**FIRST SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

25.    Plaintiff's Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

3.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

**SECOND SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

26.    Plaintiff's Complaint, and each cause of action therein alleged, is barred, either in whole or in part, and/or Plaintiff's damages should be eliminated or decreased under the "avoidable consequences" doctrine, or its related *Faragher/Ellerth* defense.

**THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

27.    Plaintiff's allegations in the Complaint are barred, in whole or in part, by the applicable statute of limitations, including but not limited to California Code of Civil Procedure sections 335.1; 338, subd. (a); and 340, subd. (a).

**FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

28.    Plaintiff, by her own acts and/or omissions, is estopped from recovering against Defendant, either in whole or in part.

**FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

29.    Plaintiff, by her own acts and/or omissions, has waived her rights, if any, to recover against Defendant, either in whole or in part.

**SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

30.    Plaintiff's Complaint, and each cause of action therein alleged, is barred due to Plaintiff's failure to exhaust administrative and/or judicial remedies and/or due to Plaintiff's failure to exhaust internal remedies.

**SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

31.    If Plaintiff has any damages, injuries, or suffered from any illness or disabilities, such damages, illnesses, injuries, and/or disabilities, including emotional distress claims, were a result of a preexisting condition(s) suffered by Plaintiff which were not caused by or contributed to by the events alleged in the Complaint or by any alleged acts or omissions of Defendant.

**EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

32.    Without admitting any of the allegations contained in the Complaint, the actions and conduct of Defendant were privileged and/or justified as a matter of law.

/ / / /

/ / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

4.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

**NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

33.     Plaintiff's right to seek and/or obtain relief herein, either in whole or in part, shall be reduced, diminished, or eliminated by operation of the doctrine of after-acquired evidence of employee misconduct.

**TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

34.     Plaintiff's right to seek and/or obtain relief herein, either in whole or in part, shall be reduced, diminished, or eliminated due to Plaintiff's failure to mitigate her damages as required by law because her efforts in that regard have not satisfied the obligations imposed by law.

**ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

35.     Plaintiff's right to seek and/or obtain relief herein, if any, is barred by Plaintiff's failure to proceed by way of internal administrative review and/or by writ of mandate to challenge the actions of Defendant herein.

**TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

36.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein are barred by the doctrines of unclean hands and/or laches.

**THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT**

37.     Assuming, *arguendo*, that Plaintiff can establish some violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible factor, all employment actions taken herein still would have been taken due to lawful, legitimate, non-prohibited, and/or independent reasons, Defendant herewith raises the "mixed-motive" defense as to each of Plaintiff's claims.

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

5.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

38.     Plaintiff's claims are barred in whole or in part, and/or Defendant's conduct is protected by operation of the doctrines of judicial estoppel and/or equitable estoppel.

## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

39.     Defendant herewith alleges that Plaintiff's improper and/or unlawful conduct gives rise to Defendant's claim for setoff and/or offset, including for any and all costs, damages, injuries, fees, penalties, and other financial and economic harm attributed to any or all of the following:

A.     Plaintiff's breach of her duty of loyalty.

B.     Plaintiff's breach of the policies and procedures applicable to her employment relationship.

C.     Plaintiff's violation of the laws, regulations and public policies of the United States, the State of California and/or the laws of other states in which Plaintiff acted.

## SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

40.     Plaintiff has failed to allege special damages with the requisite specificity.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

41.     Plaintiff's claims are barred, either in whole or in part, because Defendant acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

## TO PLAINTIFF'S COMPLAINT

42.     Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by her own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

6.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1

## NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

## TO PLAINTIFF'S COMPLAINT

3    43.    Defendant alleges that if any damages or injuries were in fact suffered by Plaintiff,

4    such damages or injuries must be reduced or diminished by amounts received or receivable by

5    Plaintiff in the exercise of reasonable diligence as income or in lieu of earned income.

6

## TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

7

## TO PLAINTIFF'S COMPLAINT

8    44.    As a separate and distinct affirmative defense, Defendant alleges that the provisions

9    of California law providing for the award of punitive damages, and the substantive rules, procedure

10   and standards for determining that amount, violate the due process and equal protection rights of

11   Defendant under the Constitutions of the United States and the State of California.

12

## TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

13

## TO PLAINTIFF'S COMPLAINT

14   45.    As a separate and distinct affirmative defense, Defendant alleges that it is not liable

15   for any injuries or damages of Plaintiff, if any, which were caused by factors other than any act or

16   omission of Defendant; furthermore, there can be no liability for those injuries or damages caused by

17   Plaintiff's own conduct.

18

## TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

19

## TO PLAINTIFF'S COMPLAINT

20   46.    Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or

21   in part, and/or Plaintiff's damages are eliminated or diminished because Plaintiff's alleged injuries

22   were not proximately caused by any unlawful action, policy, custom, practice and/or procedure

23   promulgated and/or tolerated by Defendant and any injury to Plaintiff was caused by the practices or

24   instrumentalities of parties and/or unauthorized individuals other than Defendant and who were not

25   within the exclusive control of Defendant.

26   / / / /

27   / / / /

28   / / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

7.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

47.     As a separate and distinct affirmative defense, Defendant alleges that all requests for emotional or physical distress type damages are barred to the extent that such claims were or are within the exclusivity provisions of the workers' compensation statutes of the State of California, California Labor Code sections 3600, 3601 and 3602, et seq.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

48.     As a separate and distinct affirmative defense, Defendant alleges that any unlawful or wrongful acts attributed to any person(s) employed by Defendant were outside the course and scope of the employment of the employee, and/or that such acts, if any, were not authorized, ratified or condoned by Defendant nor did Defendant know or have reason to be aware of such alleged conduct.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

49.     As a separate and distinct affirmative defense, answering Defendant alleges that any conduct of its managers or supervisors, while acting in the course and scope of their employment, was protected by the managerial privilege and that all actions taken with respect to Plaintiff's employment were undertaken and exercised with proper managerial discretion in good faith, for proper lawful reasons and/or justified by legitimate and substantial business reasons.  In other words, the managerial and/or supervisory personnel involved reasonably believed that any action or inaction about which Plaintiff complained was justified on the basis of evidence separate and apart from any purported claim or contention of plaintiff.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

50.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's employment was at all times terminable at-will under California Labor Code section 2922, and under the at-will agreement between Plaintiff and Defendant.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

8.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

51.    As a separate and distinct affirmative defense, Defendant alleges the Complaint is barred in that there were and are legitimate non-retaliatory reasons for each and every employment practice or action taken by Defendant that is alleged to have adversely affected Plaintiff.

## TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

52.    Plaintiff's claims are barred and/or this Defendant's conduct is protected by operation of the doctrines of res judicata and/or collateral estoppel.

## TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

53.    Plaintiff's claims are barred and/or this Defendant's conduct is protected by operation of the doctrine of federal preemption and/or state regulatory preemption and/or other controlling law.

## THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE
## TO PLAINTIFF'S COMPLAINT

54.    To the extent Plaintiff, either as and for compensation for the same losses and damages herein alleged or otherwise, received other financial benefits and/or obtained authorized or unauthorized sums, in accordance with applicable law, this Defendant is entitled to an offset against Plaintiff's damages, if any, in the amount of all such benefits and/or sums.  Answering Defendant is further entitled to said offset for all periods of time Plaintiff was unwilling or unable to work, or during which Plaintiff failed to work despite the opportunity to do so.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

9.

MAXIM HEALTHCARE SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT

1    WHEREFORE, Defendant prays for judgment as follows:

2    1.    That judgment be entered in favor of Defendant and against Plaintiff and that the

3    Complaint herein be dismissed with prejudice;

4    2.    That Defendant be awarded costs of suit herein; and

5    3.    For such other and further relief as the Court may deem just and proper.

6

7    Dated: March 12, 2008

8

9                    /s/ John S. Adler
                    _____
                    JOHN S. ADLER
10                  LITTLER MENDELSON
                    A Professional Corporation
11                  Attorneys for Defendant
                    MAXIM HEALTHCARE SERVICES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA  92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA          10.     MAXIM HEALTHCARE SERVICES, INC.'S
FIRMWIDE:84526130.1 045468.1017              ANSWER TO PLAINTIFF'S COMPLAINT

*Ashlea Parker v. Maxim Healthcare Services, Inc.*
U.S. District Court, Southern District of California, Case No. 08-CV-0432-JLS-JMA

### PROOF OF SERVICE BY ELECTRONIC MAIL

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. On March 12, 2008, I served the within document(s):

**MAXIM HEALTH CARE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

by following the procedures for electronic filing with this Court thereby causing electronic service on the parties listed below:

| | |
|---|---|
| David P. Strauss, Esq.<br>The Law Office of David P. Strauss<br>1111 Sixth Avenue, Suite 404<br>San Diego, CA 92101 | Telephone:    619.237.5300<br>Facsimile:    619.237.5311<br>E-mail:    ds@dstrausslaw.com<br><br>Attorneys for Plaintiff<br>ASHLEA PARKER |

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 12, 2008, San Diego, California.


*/s/ Cindy L. Lewis*
Cindy L. Lewis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

CASE NO. 08-CV-0432-JLS-JMA
FIRMWIDE:84526130.1 045468.1017

**PROOF OF SERVICE -- MAXIM HEALTHCARE SERVICES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**