UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ASHLEA PARKER, | ) | Case No. 08-CV-0432-JLS (JMA) |
| | ) | |
| Plaintiff, | ) | **CASE MANAGEMENT CONFERENCE** |
| | ) | **ORDER REGULATING DISCOVERY AND** |
| v. | ) | **OTHER PRETRIAL PROCEEDINGS** |
| | ) | |
| MAXIM HEALTHCARE SERVICES, | ) | (Fed. R. Civ. P. 16) |
| INC., etc., et al., | ) | (Local Rule 16.1) |
| | ) | (Fed. R. Civ. P. 26) |
| Defendants. | ) | |
| | ) | |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on June 13, 2008 at 9:30 a.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **August 11, 2008**.

//

2.    A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **September 9, 2008** at **9:30 a.m.** Counsel for each party shall appear telephonically at this conference.  The Court will initiate the conference call.

3.    The parties shall serve on all other parties a list of experts whom that party expects to call at trial on or before **October 24, 2008**.  On or before **November 7, 2008**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.  Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence.  This requirement is <u>not</u> limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 16, 2009**.  Any contradictory or rebuttal information shall be disclosed on or before **February 13, 2009.**  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the

1  expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B)
2  by the time that pretrial disclosures are due under Fed. R. Civ.
3  P. 26(a)(3) (discussed below).  This disclosure requirement
4  applies to all persons retained or specially employed to provide
5  expert testimony, or whose duties as an employee of the party
6  regularly involve the giving of expert testimony.

7  **Please be advised that failure to comply with this section**
8  **or any other discovery order of the Court may result in the**
9  **sanctions provided for in Fed. R. Civ. P. 37, including a**
10 **prohibition on the introduction of experts or other designated**
11 **matters in evidence.**

12     5.   All discovery, other than expert discovery, shall be
13 completed by all parties on or before **January 9, 2009**.  All
14 expert discovery shall be completed by all parties on or before
15 **March 13, 2009**.  "Completed" means that all discovery under Rules
16 30 through 36 of the Federal Rules of Civil Procedure must be
17 initiated a sufficient period of time in advance of the cutoff
18 date, so that it may be completed by the cutoff date, taking into
19 account the times for service, notice, and response as set forth
20 in the Federal Rules of Civil Procedure.  **All disputes concerning**
21 **discovery shall be brought to the attention of Magistrate Judge**
22 **Adler no later than thirty (30) days following the date upon**
23 **which the event giving rise to the dispute occurred.  For oral**
24 **discovery, the event giving rise to the discovery dispute is the**
25 **completion of the transcript of the affected portion of the**
26 **deposition.  For written discovery, the event giving rise to the**
27 **discovery dispute is the service of the response.  Counsel are**
28 **required to meet and confer prior to contacting the Court**

08cv0432

**regarding all discovery disputes pursuant to the requirements of Local Rules 16.5(k) and 26.1(a).**

6.    All motions, other than motions to amend or join parties, or motions in limine, shall be <u>filed</u> on or before **April 10, 2009**.[1]  Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  **Be advised that the period of time between the date you request a motion date and the hearing date may be up to sixty (60) days. Please plan accordingly.**  Failure of counsel to timely request a motion date may result in the motion not being heard.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without such leave of court.

7.    A Mandatory Settlement Conference shall be conducted on **June 23, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **June 16, 2009**.[2] The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues

---

[1]Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to <u>file</u> motions.

[2]Statements may be delivered directly to chambers, e-mailed to <u>efile_adler@casd.uscourts.gov</u>, or faxed to (619) 702-9939.

08cv0432

of liability and damages, and shall set forth the party's
settlement position, including the last offer or demand made by
that party, and a separate statement of the offer or demand the
party is prepared to make at the settlement conference. **The
settlement conference briefs shall not be filed with the Clerk of
the Court.**

**All named parties, all counsel, and any other person(s)
whose authority is required to negotiate and enter into
settlement shall appear <u>in person at the conference</u>. The
<u>individual(s) present at the Mandatory Settlement Conference with
settlement authority must have the unfettered discretion and
authority on behalf of the party to: 1) fully explore all
settlement options and to agree during the Mandatory Settlement
Conference to any settlement terms acceptable to the party (*G.
Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653
(7th Cir. 1989)), 2) change the settlement position of a party
during the course of the Mandatory Settlement Conference (*Pitman
v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),
and 3) negotiate a settlement without being restricted by any
predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,
270 F.3d 590, 596 (8th Cir. 2001)).</u>**

Governmental entities may appear through litigation counsel
only. As to all other parties, appearance by litigation counsel
only is <u>not</u> acceptable. Retained outside corporate counsel <u>shall
not</u> appear on behalf of a corporation as the party who has the
authority to negotiate and enter into a settlement. **The failure
of any counsel, party or authorized person to appear at the
Mandatory Settlement Conference as required shall be cause for**

1    **the immediate imposition of sanctions.**  All conference

2    discussions will be informal, off the record, privileged, and

3    confidential.

4         8.  Counsel shall serve on each other and file their

5    Memoranda of Contentions of Fact and Law and take any other

6    action required by Local Rule 16.1(f)(2) on or before **July 16,**

7    **2009**.  On or before this date, the parties must also comply with

8    the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3).

9         9.  Counsel shall confer and take the action required by

10   Local Rule 16.1(f)(4) on or before **July 23, 2009**.

11        10.  The Proposed Final Pretrial Conference order, including

12   written objections, if any, to any party's Fed. R. Civ. P.

13   26(a)(3) pretrial disclosures, shall be prepared, served, and

14   lodged with the Clerk's Office on or before **July 30, 2009** and

15   shall be in the form prescribed in Local Rule 16.1(f)(6).  Any

16   objections shall comply with the requirements of Fed. R. Civ. P.

17   26(a)(3).  **Please be advised that the failure to file written**

18   **objections to a party's pretrial disclosures may result in the**

19   **waiver of such objections, with the exception of those made**

20   **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

21   **or waste of time) of the Federal Rules of Evidence.**

22        11.  The final Pretrial Conference is scheduled on the

23   calendar of the Honorable Janis L. Sammartino on **August 6, 2009**

24   at **1:30 p.m.**  The trial date will be assigned by the district

25   judge at the pretrial conference.

26        12.  The dates and times set forth herein will not be

27   modified except for good cause shown.

28   //

08cv0432

     13. Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  June 16, 2008

Jan M. Adler
U.S. Magistrate Judge

08cv0432